### John A. Marrs and Co. *against* Lewis Gantt.

*If property taken in execution be claimed by M. and S. the bond of S. only, with security, is sufficient to authorize the trial of the right of property under the Statute.*

A FI. FA. on behalf of *Gantt*, against *John Stone*, was levied by the Sheriff of *Lawrence* County on property, a part of which was claimed on behalf of *John A. Marrs* and *John Stone*, Jr., partners under the firm of *John A. Marrs and Co.* The affidavit of claim was made by *John Stone*, Jr. and the bond given by him and *Parker Alexander*, his security, and the proceedings, were returned to the Circuit Court of *Lawrence* County for the trial of the right of property. In the Circuit Court, the plaintiff in the execution moved to dismiss the case on the ground that the bond was not conformable to the Statute, the property being claimed by *John A. Marrs* and Co., and the bond of *Stone* only (one of the firm) being given.

On behalf of the claimant it was alleged, that if the Court should consider the bond defective, *John Stone*, Jr. and his security, both personally present, were willing to waive of record all objections to it, or give a new bond in such terms as the Court should require ; and the Counsel for the claimants, as their Attorney at law, offered to execute such a bond as the Court should require on behalf of *Marrs*, who was a non-resident and not present, or to waive of record on his behalf all exceptions to any judgment that might go against him for damages to be found by the Jury for interposing the claim.

The Court rejected all the propositions of the claimants, held the bond to be defective, and dismissed the cause. To which they excepted, and assigned the matters of the bill of Exceptions as Error.

*Kelly* and *Hutchingson*, for plaintiffs—*Hopkins*, for defendants in Error.

*Judge Saffold* delivered the opinion of the Court.

The Statute requires that " the person claiming such pro-" perty, or his Attorney, shall give bond to the Sheriff with " security," conditioned, &c. We entertain no doubt but that one person may enter the claim to property for himself and other joint claimants, and that the bond of such person, with sufficient security, complies with the Statute, and is all the indemnity to which the adverse party is entitled. This Court has heretofore held that the bond of one of several plaintiffs in Error, with sufficient security, was not less available to the adverse party than the bond of all the plaintiffs

in Error (*a*). It is the duty of the Clerk in the one case, and of the Sheriff in the other, to take good security ; and the bond of one with sufficient security might render the adverse party more safe than the bond of all with security less sufficient.

There is some diversity of opinion among the members of the Court on the other points made by the bill of Exceptions ; but on this it is our unanimous opinion that the judgment be reversed, and the cause be remanded.

See Laws Ala. 310, 311.

<div style="text-align:right">

JULY, 1826.

Marrs and Co.
*v.*
Lewis Gantt.

(*a*) *Webster v. Yancy and al.* *ante,* 183.